292 F.2d 329
 DRIVERS AND CHAUFFEURS LOCAL UNION NO. 816, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFERS, WAREHOUSEMEN AND HELPERS OF AMERICA, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 235.
 Docket 26375.
 United States Court of Appeals Second Circuit.
 Argued February 8, 1961.
 Decided July 5, 1961.
 
 Cohen & Weiss, New York City (Jack Last, Herbert A. Levy, New York City, of counsel), for petitioner.
 Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Samuel M. Singer, Allan I. Mendelsohn, Attys., N. L. R. B., Washington, D. C., for respondent.
 Before LUMBARD, Chief Judge, MADDEN, Judge, U. S. Court of Claims,* and WATERMAN, Circuit Judge.
 WATERMAN, Circuit Judge.
 
 
 1
 Drivers and Chauffeurs Local 816 (Union) seeks review of decision and order of the National Labor Relations Board, 127 NLRB Reports 1059, June 7, 1960, directing it to cease and desist its picketing of the premises of Montgomery Ward & Co. at 75 Varick Street, New York, N. Y. The Board cross-petitions for enforcement. The picketing was enjoined by the Board as violative of §§ 8(b) (4) (A) and 8(b) (4) (B) of the National Labor Relations Act, 29 U.S. C.A. §§ 158(b) (4) (A) and 158(b) (4) (B), subsections that prohibit "secondary boycotts" of "neutral employers." Union maintains that Montgomery Ward should not be classified as a neutral employer and therefore is not entitled to the protection against picketing provided by the "secondary boycott" provisions. This contention was rejected by the Trial Examiner whose findings were accepted in toto by the Board.
 
 
 2
 Pending the Board hearing the United States District Court for the Southern District of New York granted a preliminary injunction pursuant to Section 10(l) of the N.L.R.A., 29 U.S. C.A. § 160(l), dealt with precisely the same argument, and also rejected it, McLeod v. Drivers & Chauffeurs Local 816, D.C.1959, 178 F.Supp. 288, affirmed 2 Cir., 1960, 277 F.2d 800.[1] The evidence before the Board did not differ in any material respect from the evidence presented at the preliminary injunction hearing, evidence outlined at length in the lower court opinion granting that injunction, 178 F.Supp. 288 at pages 290-292. As the Board found the facts to be substantially as they were found by the district court, it is not necessary for us to summarize them.
 
 
 3
 We are of the opinion that the Board's findings are supported by substantial evidence, and that they amply justify the conclusion that Montgomery Ward was a neutral employer within the meaning of the Act. Normally one who hires an independent contractor to perform services will not be considered an employer with respect to the independent contractor's employees. N. L. R. B. v. Denver Bldg. & Constr. Trades Council, 1951, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284; N. L. R. B. v. Bangor Bldg. Trades Council, 1 Cir., 1960, 278 F.2d 287; N. L. R. B. v. Local 691, International Bhd. of Teamsters, 7 Cir., 1959, 270 F.2d 696; International Bhd. of Electrical Workers, Local 501, A. F. of L. v. N. L. R. B., 2 Cir., 1950, 181 F.2d 34, affirmed 1951, 341 U.S. 694, 71 S.Ct. 954, 95 L.Ed. 1299. This is true even though the independent contractor and its employees are subject to some quantum of control by the party using their services; U. M. W. of America v. Osborne Mining Co., 6 Cir., 1960, 279 F.2d 716; Retail Fruit & Vegetable Clerks, etc., v. N. L. R. B., 9 Cir., 1957, 249 F.2d 591; McLeod v. Local 810, Steel, Metals, Alloys and Hardware Fabricators and Warehousemen, D.C.E.D. N.Y.1960, 182 F.Supp. 552; New Jersey Guards Union, 124 N.L.R.B. (1959) (relied on by the Trial Examiner). This Circuit has excepted from the general proposition a party who hired an independent contractor so that the latter's employees will perform the services customarily performed by the principal employer's striking employees in order thereby to avoid the effects of the strike. Such a contractor is considered an "ally" of the employer in the dispute with the striking employees and is not protected by the "secondary boycott" provision. N. L. R. B. v. Business Mach. & Office Appliance Mechanics, 2 Cir., 1955, 228 F.2d 553, certiorari denied 1956, 351 U.S. 962, 76 S.Ct. 1025, 100 L.Ed. 1483. And, also, the Court of Appeals for the District of Columbia in Local 24, International Bhd. of Teamsters, etc. v. N. L. R. B., 1959, 105 U.S.App.D.C. 271, 266 F.2d 675 held that a company which completely dominated and controlled the employees of certain independent contractors to the extent of controlling their hiring, firing and day-to-day activities would not be an unconcerned employer with respect to the contractor's employees and would not be immune from picketing by a union of those employees.
 
 
 4
 Here the facts do not fall within either of these two exceptions; and we hold that picketing of Montgomery Ward premises was improper.
 
 
 5
 Union also contends that its picketing was ineffective and caused no cessation of deliveries or other work stoppages at the picketed premises; and that therefore the Board failed to prove a prerequisite to its order. There is no merit to this contention — the evidence supported the finding of stoppage.
 
 
 6
 Order enforced.
 
 
 
 Notes:
 
 
 *
 Sitting by designation
 
 
 [1]
 Of course our affirmance of the preliminary injunction granted by the district court does not require us to enforce a subsequent order even when based on substantially similar evidence. The standard of review is quite a different standard. McLeod v. Drivers & Chauffeurs Local Union No. 816, D.C.S.D.N.Y. 1959, 178 F.Supp. 288, 289; cf. N. L. R. B. v. Local 50, Bakery & Confect. Workers, 2 Cir., 1957, 245 F.2d 542, 546-547 at note 4